COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, ss. | SUPERIOR COURT<br>C.A. NO.<br><br>03-5227 -E |

MARJORIE HERSEY,  )
   Plaintiff )
 )
v. )
 )
GEORGE ZIMMER, and )
THE MEN'S WEARHOUSE, INC., )
   Defendants )

COMPLAINT AND JURY CLAIM

(Parties)

1. The plaintiff, Marjorie Hersey, is an individual who resides at 106 Edith Street, Everett, Middlesex County, Massachusetts.

2. The defendant, George Zimmer, is an individual who, upon information and belief, is a resident of California. The defendant, Zimmer, is subject to this Court's jurisdiction under the provisions of Massachusetts General Laws Chapter 223A, §3.

3. The defendant, The Men's Wearhouse, Inc. ("Men's Wearhouse"), upon information and belief, is a foreign corporation doing business in the Commonwealth and having identified CT Corporation System of 101 Federal Street, Boston, Suffolk County, Massachusetts, as its resident agent. The defendant, Men's Wearhouse, is subject to this Court's jurisdiction under the provisions of Massachusetts General Laws Chapter 223A, §3. At all times relevant hereto, Men's Wearhouse was an employer within the meaning of Massachusetts General Laws Chapter 151B, §1.

(Jurisdiction)

4. The Court has jurisdiction over this action pursuant to its statutory and inherent jurisdiction including jurisdiction provided by the provisions of Massachusetts General Laws Chapter 151B, § 9.

5. The plaintiff, on or about April 30, 2001, filed a charge or complaint with the Massachusetts Commission Against Discrimination and which charge or complaint was assigned case number 01-BEM-1130.

RECEIVED
NOV 03 2003
SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
FOR CIVIL BUSINESS

6. The events complained of by the plaintiff occurred in Boston, Suffolk County, Massachusetts

(Facts)

7. In October of 2000, the plaintiff began working for the defendant Men's Wearhouse as an Assistant Manager in Medford, Massachusetts.

8. On or about November 7, 2000, the plaintiff was in attendance at her employer's Christmas party at the Copley Plaza Hotel in Boston, Massachusetts.

9. In the course of the evening a District Manager of the defendant Men's Wearhouse brought Mr. Zimmer over to the plaintiff's table for the purpose of introducing him to the plaintiff.

10. At that time and place, the defendant Zimmer engaged in conduct or practices which are violative of the proscriptions contained in Massachusetts General Laws Chapter 151B, §4. These unlawful practices consisted of making explicit and implicit comments to the plaintiff that she was going to be the "future CEO of his company", his "future wife", and that he wanted to take her to his "Malibu Beach house for a lovely time."

11. At that time and place the plaintiff and the defendant Zimmer posed for a picture, initially with the plaintiff's fiancée in between them. The defendant, Zimmer, however, said "No, you" indicating that the plaintiff should stand in the middle. The picture was taken and, as the plaintiff stepped away from the defendant Zimmer, he ran his right hand over the plaintiff's buttocks, cupping and squeezing her right buttock.

12. The plaintiff was terribly upset and unable to hide her anguish and humiliation on her ride home. She took the following day off in order to attempt to recover from the emotional upset that followed Mr. Zimmer's actions.

13. Ms. Hersey contacted her Regional Manager, Mark Neutze, by telephone to advise him that she was resigning from the company because of the sexual harassment she suffered at the hands of Mr. Zimmer. Mr. Neutze replied that he was deeply sorry for the incident, but that George Zimmer was "known as being a player" and "even if you did dress as a hooker you did not deserve that behavior."

14. At the time the defendant Zimmer engaged in the unlawful conduct described herein he was the Chief Executive Officer of the defendant Men's Wearhouse and therefore maintained a supervisory position over the plaintiff, was acting as an agent for Men's Wearhouse and/or was a person acting in his own right.

## Count I

15. Plaintiff reasserts and realleges each and every allegation contained in the foregoing paragraphs 1 through 14 and incorporates the same by reference as if fully set forth herein.

16. This Count is for assault and battery and is brought against the defendant George Zimmer.

17. The defendant Zimmer's conduct described above was intentional and created an apprehension of immediate physical harm by means of overt conduct and behavior and also consisted of unjustified and harmful conduct and force upon the person of the plaintiff, Hersey.

18. As a result of the defendant Zimmer's conduct described above, the plaintiff has been harmed and suffered damages including lost wages, physical harm and emotional distress.

WHEREFORE, plaintiff demands judgment against the defendant George Zimmer in an amount sufficient to compensate her for her losses together with interest and costs.

## Count II

19. Plaintiff reasserts and realleges each and every allegation contained in the foregoing paragraphs 1 through 18 and incorporates the same by reference as if fully set forth herein.

20. This Count is for infliction of emotional distress and is brought against the defendant George Zimmer.

21. The defendant Zimmer's conduct described above was intentional, amounted to extreme and outrageous conduct on Zimmer's part and caused severe emotional distress to Hersey and such conduct of Zimmer was accomplished without privilege or right to do so.

22. As a result of the defendant Zimmer's conduct described above, the plaintiff has been harmed and suffered damages including lost wages, physical harm and extreme emotional distress.

WHEREFORE, plaintiff demands judgment against the defendant George Zimmer in an amount sufficient to compensate her for her losses together with interest and costs.

## Count III

23. Plaintiff reasserts and realleges each and every allegation contained in the foregoing paragraphs 1 through 22 and incorporates the same by reference as if fully set forth herein.

24. This Count is for sexual harassment in violation of Massachusetts General Laws Chapter 151B, Section 4, Paragraph 16A and Title VII of the 1964 Civil Rights Act as amended and is brought against the defendant George Zimmer.

25. The defendant Zimmer's conduct described above violated Hersey's right to be free from harassment and discrimination on the basis of her gender.

26. As the direct and proximate result of the defendant Zimmer's conduct described above, the plaintiff has been harmed and suffered damages including lost wages, physical harm and extreme emotional distress.

WHEREFORE, plaintiff demands judgment against the defendant George Zimmer in an amount sufficient to compensate her for her losses together with punitive damages, interest and costs.

## Count IV

27. Plaintiff reasserts and realleges each and every allegation contained in the foregoing paragraphs 1 through 26 and incorporates the same by reference as if fully set forth herein.

28. This Count is for sexual harassment in violation of Massachusetts General Laws Chapter 151B, Section 4, Paragraph 16A and Title VII of the 1964 Civil Rights Act as amended and is brought against the defendant Men's Wearhouse.

29. The Men's Wearhouse owed the plaintiff a duty pursuant to Massachusetts General Laws Chapter 151B, Section 4, Paragraph 16A and Title VII of the 1964 Civil Rights Act as amended.

30. Plaintiff asserts that the Men's Wearhouse breached its duty to the plaintiff.

31. As the direct and proximate result of the breach by defendant Men's Wearhouse, its agents, or employees the plaintiff has been harmed and suffered damages including lost wages, physical harm and extreme emotional distress.

WHEREFORE, plaintiff demands judgment against the defendant Men's Wearhouse in an amount sufficient to compensate her for her losses together with interest and costs.

## Count V

32. Plaintiff reasserts and realleges each and every allegation contained in the foregoing paragraphs 1 through 31 and incorporates the same by reference as if fully set forth herein.

33. This Count is for constructive termination and is brought against the defendant Men's Wearhouse.

34. The Men's Wearhouse owed the plaintiff a duty to investigate the defendant Zimmer's conduct described above pursuant to the Sexual Harassment policy of the Men's Wearhouse.

35. Moreover, the remarks of the defendant Men's Wearhouse's Regional Manager, Mark Neutze are also violative of the defendant's prohibition against "Verbal comments of a sexual nature about a person's physical attributes, dress, or sexual activity."

36. Plaintiff asserts that the Men's Wearhouse, its agents or employees breached its duty to the plaintiff by failing to investigate or otherwise reasonably address the defendant Zimmer's conduct, and further exacerbated the problem by virtue of Mark Neutze's comments, which were violative of Men's Wearhouse's policy and the laws of the Commonwealth.

37. As the direct and proximate result of the breach by defendant Men's Wearhouse, its agents, or employees the plaintiff has been harmed and suffered damages including lost wages, physical harm and extreme emotional distress.

WHEREFORE, plaintiff demands judgment against the defendant Men's Wearhouse in an amount sufficient to compensate her for her losses together with interest and costs.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted,

MARJORIE HERSEY
By her attorney,

Richard J. Sullivan
BBO # 455584
Sullivan & Sullivan, LLP
31 Washington Street
Wellesley, MA 02481
(781) 263 - 9400