UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARJORIE HERSEY,

    Plaintiff,

v.

GEORGE ZIMMER and
THE MEN'S WEARHOUSE, INC.,

    Defendants.

Civil Action No. 04-10274 MEL

## ANSWER

Defendants, George Zimmer ("Zimmer") and The Men's Wearhouse, Inc. ("TMW") (together, "Defendants"), hereby answer the Complaint of Plaintiff, Marjorie Hersey ("Plaintiff"), as follows:

### Parties

1.    Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 1 of the Complaint.

2.    Defendants admit the allegations contained in the first sentence of Paragraph 2 of the Complaint. The second sentence of Paragraph 2 states conclusions of law to which no response is required.

3.    Defendants admit the allegations contained in the first sentence of Paragraph 3 of the Complaint. The second and third sentences of Paragraph 3 state conclusions of law to which no response is required.

## Jurisdiction

4.    The allegations contained in Paragraph 4 of the Complaint state conclusions of law to which no response is required.

5.    Defendants are without knowledge or information sufficient to either admit or deny the allegations in Paragraph 5 of the Complaint.

6.    Defendants are without knowledge or information sufficient to either admit or deny the allegations in Paragraph 6 of the Complaint, except that to the extent the allegations in Paragraph 6 of the Complaint allege that Defendants engaged in unlawful conduct, such allegations are denied.

## Facts

7.    In response to the allegations contained in Paragraph 7 of the Complaint, Defendants admit that on October 10, 2000, Plaintiff began working for the defendant The Men's Wearhouse in Medford, Massachusetts. Further answering, Defendants state that Plaintiff's title was Second Assistant Manager. Defendants deny all remaining allegations contained in Paragraph 7 of the Complaint.

8.    In response to the allegations contained in Paragraph 8 of the Complaint, Defendants admit that on November 6, 2000, the plaintiff attended a holiday party given by her employer The Men's Wearhouse at the Fairmont Copley Plaza in Boston, Massachusetts. Defendants deny all remaining allegations contained in Paragraph 8 of the Complaint.

9.    In response to the allegations contained in Paragraph 9 of the Complaint, Defendants admit that during the holiday party on November 6, 2000, the district manager overseeing store number 5110, Mr. Gary Malowitz, escorted Mr. Zimmer from table to table so

that he could meet as many employees as possible. Defendants deny all remaining allegations contained in Paragraph 9 of the Complaint.

10. Denied.

11. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in the first and second sentences of Paragraph 11 of the Complaint. Defendants deny the allegations contained in the third sentence of Paragraph 11 of the Complaint.

12. Defendants are without knowledge or information sufficient to either admit or deny the allegations contained in the first sentence of Paragraph 12 of the Complaint. Defendants deny the allegations contained in the second sentence of Paragraph 12 of the Complaint.

13. In response to the allegations contained in the first sentence of Paragraph 13 of the Complaint, Defendants admit that a few days after the November 6, 2000 holiday party, Plaintiff telephoned Senior Regional Manager Mark Neutze and told him that she was not coming back to work. Defendants deny all remaining allegations contained in the first sentence of Paragraph 13 of the Complaint. Defendants deny the allegations contained in the second sentence of Paragraph 13 of the Complaint.

14. Denied, except that Defendants admit that on November 6, 2000, Zimmer was the Chief Executive Officer of The Men's Wearhouse, Inc.

### Count I

15. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 14.

16. The statements contained in Paragraph 16 of the Complaint are explanatory in nature and do not require a response; to the extent a response is required, the statements in Paragraph 16 are denied.

17. Denied.

18. Denied.

### Count II

19. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 18.

20. The statements contained in Paragraph 20 of the Complaint are explanatory in nature and do not require a response; to the extent a response is required, the statements in Paragraph 20 are denied.

21. Denied.

22. Denied.

### Count III

23. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 22.

24. The statements contained in Paragraph 24 of the Complaint are explanatory in nature and do not require a response; to the extent a response is required, the statements in Paragraph 24 are denied.

25. Denied.

26. Denied.

## Count IV

27. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 26.

28. The statements contained in Paragraph 28 of the Complaint are explanatory in nature and do not require a response; to the extent a response is required, the statements in Paragraph 28 are denied.

29. The allegations contained in Paragraph 29 of the Complaint state conclusions of law to which no response is required.

30. Denied.

31. Denied.

## Count V

32. Defendants restate and incorporate by reference their responses to Paragraphs 1 through 31.

33. The statements contained in Paragraph 33 of the Complaint are explanatory in nature and do not require a response; to the extent a response is required, the statements in Paragraph 33 are denied.

34. The allegations contained in Paragraph 34 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendants deny that Mr. Zimmer engaged in any unlawful conduct, and state that the sexual harassment policy of The Men's Wearhouse speaks for itself.

35. Denied.

36. Denied.

37. Denied.

38. Except as specifically admitted in this Answer, Defendants deny each and every allegation in Plaintiff's Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Defendant had legitimate non-discriminatory and non-retaliatory reasons for its actions.

3. Plaintiff's claim for damages is barred, in whole or in part, by her failure to mitigate her damages.

4. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

5. Plaintiff's claims are barred, in whole or in part, by her failure to exhaust her administrative remedies.

6. Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the Massachusetts Workers' Compensation Act.

7. Plaintiff's claims are barred because Plaintiff agreed to submit all claims to binding arbitration.

8. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any tangible employment action and The Men's Wearhouse can establish that it instituted and

implemented reasonable anti-harassment policies and Plaintiff unreasonably failed to utilize such policies.

9. Plaintiff was an at-will employee and, therefore, could have been terminated at any time for any reason without notice.

WHEREFORE, Defendants respectfully request that the Court: (1) dismiss the Complaint against them with prejudice; (2) award Defendants their costs and reasonable attorneys' fees incurred in defending this action; and (3) award them such other and further relief as the Court may deem just and appropriate.

GEORGE ZIMMER and
THE MEN'S WEARHOUSE, INC.

By their attorneys,

*Sandra E. Kahn* by MRS
Robert M. Shea, BBO # 556356
Sandra E. Kahn, BBO # 564510
MORSE, BARNES-BROWN & PENDLETON, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930

Dated: February 17, 2004

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on February 17, 2004.

*Sandra E. Kahn*
Sandra E. Kahn

Case 1:04-cv-10274-MEL    Document 2    Filed 02/17/2004    Page 8 of 8