MAS-20030912 Case 1:04-cv-10274-MEL Document 5 Filed 03/01/2004 Page 1 of 10
guen                                                                                02/11/2004
                    **Commonwealth of Massachusetts**
                         SUFFOLK SUPERIOR COURT                                      03:14 PM
                              Case Summary
                              Civil Docket

# SUCV2003-05227
## Hersey v Zimmer et al

| File Date | 11/03/2003 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 02/11/2004 | Session | E - Civil E |
| Origin | 1 | Case Type | B99 - Misc tort |
| Lead Case | | Track | F |

| Service | 02/01/2004 | Answer | 04/01/2004 | Rule12/19/20 | 04/01/2004 |
|---|---|---|---|---|---|
| Rule 15 | 04/01/2004 | Discovery | 08/29/2004 | Rule 56 | 09/28/2004 |
| Final PTC | 10/28/2004 | Disposition | 12/27/2004 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Marjorie Hersey
Active 11/03/2003

**Private Counsel 554085**
Richard J Sullivan
Sullivan & Sullivan
31 Washington Street
Wellesley, MA 02481
Phone: 781-263-9400
Fax: 781-239-1360
Active 11/04/2003 Notify

**Defendant**
George Zimmer
Service pending 11/03/2003

**Private Counsel 556356**
Robert M Shea
Nixon Peabody
101 Federal Street
Boston, MA 02110
Phone: 617-345-1000
Fax: 617-345-1300
Active 02/03/2004 Notify

**Private Counsel 564510**
Sandra E Kahn
Morse Barnes-Brown & Pendleton
1601 Trapelo Road
Waltham, MA 02
Phone: 781-622-5930
Active 02/11/2004 Notify

**Defendant**
Men's Warehouse Inc
Service pending 11/03/2003

**Private Counsel 556356**
Robert M Shea
Nixon Peabody
101 Federal Street
Boston, MA 02110
Phone: 617-345-1000
Fax: 617-345-1300
Active 02/03/2004 Notify

MAS-20030912　　　Case 1:04-cv-10274-MEL　　Document 5　　Filed 03/01/2004　　Page 2 of 10　　02/11/2004
guer,　　　　　　　　　　　　　　　　　Commonwealth of Massachusetts　　　　　　　　　　　　　　　　03:14 PM
　　　　　　　　　　　　　　　　　　　　　　SUFFOLK SUPERIOR COURT
　　　　　　　　　　　　　　　　　　　　　　　　　Case Summary
　　　　　　　　　　　　　　　　　　　　　　　　　Civil Docket

## SUCV2003-05227
### Hersey v Zimmer et al

|  | Private Counsel 564510 |
|---|---|
|  | Sandra E Kahn |
|  | Morse Barnes-Brown & Pendleton |
|  | 1601 Trapelo Road |
|  | Waltham, MA 02 |
|  | Phone: 781-622-5930 |
|  | Active 02/11/2004 Notify |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/03/2003 | 1.0 | Complaint & Jury demand |
| 11/03/2003 |  | Origin 1, Type B99, Track F. |
| 11/03/2003 | 2.0 | Civil action cover sheet filed |
| 02/02/2004 | 3.0 | Plff's assented to motion to extend time for return of service of process (w/o opposition) |
| 02/11/2004 |  | Certified copy of petition for removal to U. S. Dist. Court of Defts. George Zimmer and The Men's Wearhouse, Inc., U. S. Dist.#(04-CV-10274MEL). |
| 02/11/2004 |  | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

I HEREBY ATTEST AND CERTIFY ON

FEB. 12, 2004 THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.



MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY._____

　　　　ASSISTANT CLERK.

1

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                              SUPERIOR COURT
                                                          C.A. NO. 03-5227-E

| | |
|---|---|
| MARJORIE HERSEY,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| GEORGE ZIMMER, and<br>THE MEN'S WEARHOUSE, INC.,<br>    Defendants | )<br>)<br>) |

### COMPLAINT AND JURY CLAIM

(Parties)

1.  The plaintiff, Marjorie Hersey, is an individual who resides at 106 Edith Street, Everett, Middlesex County, Massachusetts.

2.  The defendant, George Zimmer, is an individual who, upon information and belief, is a resident of California. The defendant, Zimmer, is subject to this Court's jurisdiction under the provisions of Massachusetts General Laws Chapter 223A, §3.

3.  The defendant, The Men's Wearhouse, Inc. ("Men's Wearhouse"), upon information and belief, is a foreign corporation doing business in the Commonwealth and having identified CT Corporation System of 101 Federal Street, Boston, Suffolk County, Massachusetts, as its resident agent. The defendant, Men's Wearhouse, is subject to this Court's jurisdiction under the provisions of Massachusetts General Laws Chapter 223A, §3. At all times relevant hereto, Men's Wearhouse was an employer within the meaning of Massachusetts General Laws Chapter 151B, §1.

(Jurisdiction)

4.  The Court has jurisdiction over this action pursuant to its statutory and inherent jurisdiction including jurisdiction provided by the provisions of Massachusetts General Laws Chapter 151B, § 9.

5.  The plaintiff, on or about April 30, 2001, filed a charge or complaint with the Massachusetts Commission Against Discrimination and which charge or complaint was assigned case number 01-BEM-1130.

6. The events complained of by the plaintiff occurred in Boston, Suffolk County, Massachusetts

(Facts)

7. In October of 2000, the plaintiff began working for the defendant Men's Wearhouse as an Assistant Manager in Medford, Massachusetts.

8. On or about November 7, 2000, the plaintiff was in attendance at her employer's Christmas party at the Copley Plaza Hotel in Boston, Massachusetts.

9. In the course of the evening a District Manager of the defendant Men's Wearhouse brought Mr. Zimmer over to the plaintiff's table for the purpose of introducing him to the plaintiff.

10. At that time and place, the defendant Zimmer engaged in conduct or practices which are violative of the proscriptions contained in Massachusetts General Laws Chapter 151B, §4. These unlawful practices consisted of making explicit and implicit comments to the plaintiff that she was going to be the "future CEO of his company", his "future wife", and that he wanted to take her to his "Malibu Beach house for a lovely time."

11. At that time and place the plaintiff and the defendant Zimmer posed for a picture, initially with the plaintiff's fiancée in between them. The defendant, Zimmer, however, said "No, you" indicating that the plaintiff should stand in the middle. The picture was taken and, as the plaintiff stepped away from the defendant Zimmer, he ran his right hand over the plaintiff's buttocks, cupping and squeezing her right buttock.

12. The plaintiff was terribly upset and unable to hide her anguish and humiliation on her ride home. She took the following day off in order to attempt to recover from the emotional upset that followed Mr. Zimmer's actions.

13. Ms. Hersey contacted her Regional Manager, Mark Neutze, by telephone to advise him that she was resigning from the company because of the sexual harassment she suffered at the hands of Mr. Zimmer. Mr. Neutze replied that he was deeply sorry for the incident, but that George Zimmer was "known as being a player" and "even if you did dress as a hooker you did not deserve that behavior."

14. At the time the defendant Zimmer engaged in the unlawful conduct described herein he was the Chief Executive Officer of the defendant Men's Wearhouse and therefore maintained a supervisory position over the plaintiff, was acting as an agent for Men's Wearhouse and/or was a person acting in his own right.

Count I

15. Plaintiff reasserts and realleges each and every allegation contained in the foregoing paragraphs 1 through 14 and incorporates the same by reference as if fully set forth herein.

16. This Count is for assault and battery and is brought against the defendant George Zimmer.

17. The defendant Zimmer's conduct described above was intentional and created an apprehension of immediate physical harm by means of overt conduct and behavior and also consisted of unjustified and harmful conduct and force upon the person of the plaintiff, Hersey.

18. As a result of the defendant Zimmer's conduct described above, the plaintiff has been harmed and suffered damages including lost wages, physical harm and emotional distress.

WHEREFORE, plaintiff demands judgment against the defendant George Zimmer in an amount sufficient to compensate her for her losses together with interest and costs.

Count II

19. Plaintiff reasserts and realleges each and every allegation contained in the foregoing paragraphs 1 through 18 and incorporates the same by reference as if fully set forth herein.

20. This Count is for infliction of emotional distress and is brought against the defendant George Zimmer.

21. The defendant Zimmer's conduct described above was intentional, amounted to extreme and outrageous conduct on Zimmer's part and caused severe emotional distress to Hersey and such conduct of Zimmer was accomplished without privilege or right to do so.

22. As a result of the defendant Zimmer's conduct described above, the plaintiff has been harmed and suffered damages including lost wages, physical harm and extreme emotional distress.

WHEREFORE, plaintiff demands judgment against the defendant George Zimmer in an amount sufficient to compensate her for her losses together with interest and costs.

Count III

23. Plaintiff reasserts and realleges each and every allegation contained in the foregoing paragraphs 1 through 22 and incorporates the same by reference as if fully set forth herein.

24. This Count is for sexual harassment in violation of Massachusetts General Laws Chapter 151B, Section 4, Paragraph 16A and Title VII of the 1964 Civil Rights Act as amended and is brought against the defendant George Zimmer.

25. The defendant Zimmer's conduct described above violated Hersey's right to be free from harassment and discrimination on the basis of her gender.

26. As the direct and proximate result of the defendant Zimmer's conduct described above, the plaintiff has been harmed and suffered damages including lost wages, physical harm and extreme emotional distress.

WHEREFORE, plaintiff demands judgment against the defendant George Zimmer in an amount sufficient to compensate her for her losses together with punitive damages, interest and costs.

Count IV

27. Plaintiff reasserts and realleges each and every allegation contained in the foregoing paragraphs 1 through 26 and incorporates the same by reference as if fully set forth herein.

28. This Count is for sexual harassment in violation of Massachusetts General Laws Chapter 151B, Section 4, Paragraph 16A and Title VII of the 1964 Civil Rights Act as amended and is brought against the defendant Men's Wearhouse.

29. The Men's Wearhouse owed the plaintiff a duty pursuant to Massachusetts General Laws Chapter 151B, Section 4, Paragraph 16A and Title VII of the 1964 Civil Rights Act as amended.

30. Plaintiff asserts that the Men's Wearhouse breached its duty to the plaintiff.

31. As the direct and proximate result of the breach by defendant Men's Wearhouse, its agents, or employees the plaintiff has been harmed and suffered damages including lost wages, physical harm and extreme emotional distress.

WHEREFORE, plaintiff demands judgment against the defendant Men's Wearhouse in an amount sufficient to compensate her for her losses together with interest and costs.

Count V

32. Plaintiff reasserts and realleges each and every allegation contained in the foregoing paragraphs 1 through 31 and incorporates the same by reference as if fully set forth herein.

33. This Count is for constructive termination and is brought against the defendant Men's Wearhouse.

34. The Men's Wearhouse owed the plaintiff a duty to investigate the defendant Zimmer's conduct described above pursuant to the Sexual Harassment policy of the Men's Wearhouse.

35. Moreover, the remarks of the defendant Men's Wearhouse's Regional Manager, Mark Neutze are also violative of the defendant's prohibition against "Verbal comments of a sexual nature about a person's physical attributes, dress, or sexual activity."

36. Plaintiff asserts that the Men's Wearhouse, its agents or employees breached its duty to the plaintiff by failing to investigate or otherwise reasonably address the defendant Zimmer's conduct, and further exacerbated the problem by virtue of Mark Neutze's comments, which were violative of Men's Wearhouse's policy and the laws of the Commonwealth.

37. As the direct and proximate result of the breach by defendant Men's Wearhouse, its agents, or employees the plaintiff has been harmed and suffered damages including lost wages, physical harm and extreme emotional distress.

WHEREFORE, plaintiff demands judgment against the defendant Men's Wearhouse in an amount sufficient to compensate her for her losses together with interest and costs.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted,

MARJORIE HERSEY
By her attorney,

Richard J. Sullivan
BBO # 455584
Sullivan & Sullivan, LLP
31 Washington Street
Wellesley, MA 02481
(781) 263 - 9400

I HEREBY ATTEST AND CERTIFY ON
FEB. 12, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 03-5227-E | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|
| PLAINTIFF(S) Moarjorie Hersey | | DEFENDANT(S) George Zimmer and The Men's Wearhouse, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Richard Sullivan, Sullivan & Sullivan 31 Washington St., Wellesley, MA 02481 Board of Bar Overseers number: 554085 | | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Sexual Harassment | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ... $
  2. Total Doctor expenses ... $
  3. Total chiropractic expenses ... $
  4. Total physical therapy expenses ... $
  5. Total other expenses (describe) ... $
    Subtotal $
B. Documented lost wages and compensation to date ... $100,000.00
C. Documented property damages to date ... $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ... $
F. Other documented items of damages (describe) ... $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe) Plaintiff suffered sexual harassment including conduct or practices which are violative of the proscriptions contained in Massachusetts General Laws Ch. 151B, §4. The plaintiff suffered unwanted touching, severe anguish, and humiliation. As a result of the sexual harassment, the plaintiff lost her employment, considerable income, and suffered and continues to suffer severe emotional distress. ... $
TOTAL $100,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 11/3/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
FEB. 12, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

*Motify*

3

2/6/04

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                                C.A. NO. 03-05227

MARJORIE HERSEY,                )
    Plaintiff                   )
                                )
v.                              )
                                )
GEORGE ZIMMER, and              )
THE MEN'S WEARHOUSE, INC.,      )
    Defendants                  )

*(court stamp: MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE, 2004 FEB 2 P 4:23, SUFFOLK SUPERIOR COURT CIVIL CLERK'S OFFICE)*

PLAINTIFF'S ASSENTED TO MOTION TO EXTEND TIME
FOR RETURN OF SERVICE OF PROCESS

NOW COMES the plaintiff in the above-entitled action and moves that the Court allow the plaintiff an additional thirty (30) days within which to make return of service on the defendants, George Zimmer and The Men's Wearhouse, Inc.

As grounds for his Motion the plaintiff states:

1.  The Time Standards Order in this case sets February 1, 2004, as the last day for return of service of process.

2.  The defendants, George Zimmer and The Men's Wearhouse, Inc., are represented by Attorney Robert Shea of Morse Barnes-Brown & Pendleton, PC.

3.  On or before January 21, 2004, Attorney Robert Shea agreed to accept service on behalf of the defendants.

4.  On January 21, 2004, the defendants, George Zimmer and The Men's Wearhouse, Inc., were served a Copy of the Summons and Complaint by delivery of first class, postage prepaid, to Attorney Robert Shea.

5.  Before defense counsel agreed to accept service however, plaintiff forwarded the Summons and Complaint to the Suffolk County Deputy Sheriff's Office. Plaintiff awaits the Deputy Sheriff's return of the original Summons so that it may be attached to plaintiff's counsel Affidavit of Service.

6.  As further grounds the plaintiff asserts that defense counsel has assented to this motion.

*(handwritten margin note: Allowed; plaintiff to have additional 30 days to make return of service. [signature])*

                                                notice sent 2/11/04
                                                R.S.
                                                M B B P
                                                R.J.S.
                                                S S

                                                (mm)

WHEREFORE, plaintiff respectfully moves this Honorable Court enter an order affording her an additional thirty (30) days within which to make return of service on the defendants, George Zimmer and The Men's Wearhouse, Inc.

| Respectfully submitted, | Assented to, |
|---|---|
| MARJORIE HERSEY | GEORGE ZIMMER AND THE MEN'S WEARHOUSE, INC |
| By her attorney, | By their attorney, |
| *(signature)* | *(signature)* |
| Richard J. Sullivan, Esq.<br>BBO # 455584<br>Sullivan & Sullivan, LLP<br>31 Washington Street<br>Wellesley, MA 02481<br>(781) 263 – 9400<br>(781) 239 – 1360 (Fax) | Robert Shea, Esq.<br>BBO # 556356<br>Morse Barnes-Brown & Pendleton, PC<br>1601 Trapelo Road<br>Waltham, MA 02451<br>(781) 622 – 5930<br>(781) 622 – 5933 (Fax) |

I HEREBY ATTEST AND CERTIFY ON FEB. 12, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY *(signature)*

ASSISTANT CLERK.